COX, CASTLE & NICHOLSON LLP
PRESTON W. BROOKS (SBN 152439)
PERRY S. HUGHES (SBN 167784)
2049 Century Park East
Twenty Eighth Floor
Los Angeles, California 90067-3284
Telephone: (310) 277-4222
Facsimile: (310) 277-7889

Counsel for Plaintiff Mark Weinstein, Trustee of the
Weinstein Family Trust dated March 20, 1997

**FILED**
JUN 21 3 25 PM '00

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WEINSTEIN, TRUSTEE OF THE WEINSTEIN FAMILY TRUST DATED MARCH 20, 1997,<br><br>Plaintiff,<br><br>vs.<br><br>GTS PROPERTY SANTA CLARITA, HARRY JANG, ALEC PETERSEN, TEAM ENTERPRISES and ONE HOUR MARTINIZING DRY CLEANER and DOE 1 through DOE *ic*,<br><br>Defendants. | Case No. 00 - 06667 RSWL (AJWx)<br><br>**COMPLAINT FOR:**<br><br>(1) **CERCLA CLAIM**<br>(2) **BREACH OF CONTRACT**<br>(3) **DECLARATORY RELIEF**<br>(4) **INDEMNITY PURSUANT TO CALIF. HAZARDOUS SUBSTANCES ACCOUNT ACT**<br>(5) **EQUITABLE INDEMNIFICATION**<br>(6) **WASTE**<br>(7) **NEGLIGENCE**<br>(8) **CONTINUING PRIVATE NUISANCE**<br>(9) **CONTINUING PUBLIC NUISANCE**<br><br>(DEMAND FOR JURY TRIAL) |

ENTERED ON ICMS
JUN 2 3 2000
CV

Plaintiff Mark Weinstein, Trustee of the Weinstein Family Trust dated March 20, 1997

("Plaintiff"), alleges as follows:

## PARTIES

1.  Plaintiff is a trust organized under the laws of the State of California, and is in good standing.

2.  Plaintiff is informed and believes, and on that basis alleges, that Defendant GTS Property Santa Clarita ("GTS") is a corporation doing business in Los Angeles County, California.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1

COMPLAINT

```
06/21/00                    3:30:55 PM
LA   4-2 GIN          Receipt # 061844
======NO REFUND WITHOUT RECEIPT======
CASE #
           OO—6667

       086900     Filing Fee  Civil
                           60. OO
       510000     Special Fund F/F
                           90. OO
====== T O T A L ======
                      150. OO
       CHECK TENDERED $        $150.00

       CHECK 1093806
======NO REFUND WITHOUT RECEIPT======
======NO REFUND WITHOUT RECEIPT======
```

3.   Plaintiff is informed and believes, and on that basis alleges, that Defendant One-Hour Martinizing Dry Cleaner ("One-Hour Martinizing") is qualified to do business in California.

4.   Plaintiff is informed and believes, and on that basis alleges, that Defendant Team Enterprises, Inc. ("Team Enterprises") is a corporation doing business in Los Angeles County.

5.   Plaintiff is informed and believes, and on that basis alleges, that Defendant Harry Jang ("Jang") is a resident of Los Angeles County, California.

6.   Plaintiff is informed and believes, and on that basis alleges, that Defendant Alec Peterson ("Peterson") is a resident of Los Angeles County, California.

7.   Plaintiff does not know the identity or true names and capacities of Defendants Does 1-50, and therefore sues such defendants by such fictitious names.  When the identity of these Defendants is discovered Plaintiff shall seek leave to amend the Complaint to show the true names and capacities of these Defendants.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants designated herein as a Doe has participated in some manner with the named defendants to commit the acts herein alleged.

8.   Plaintiff is informed and believes, and thereupon alleges, that at all times herein mentioned, Defendants were the agents of each of their co-Defendants and, in doing the things hereinafter mentioned, each was acting within the scope of his authority as such agent and with permission and consent of his co-Defendants.

## JURISDICTION AND VENUE

9.   This Court has original jurisdiction over this action pursuant to Section 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C. §113(b).  In addition, this Court has jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1367(a).

10.   Venue is proper in this District in that Plaintiff's claims for relief arose in this District.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1

2

COMPLAINT

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11.   Plaintiff purchased the property located at 26830 – 26860 Seco Canyon Road in Santa Clarita (the "Premises") on or around May 28, 1998, and has remained the owner of the Premises since that time.

12.   Prior to Plaintiff purchasing the Premises, it was owned by Defendant GTS Property Santa Clarita.

13.   Plaintiff is informed and believes that Defendant Team Enterprises has operated a dry cleaning facility on the Premises.

14.   Plaintiff is informed and believes that Defendant One-Hour Martinizing has operated a dry cleaning facility on the Premises.

15.   Plaintiff is informed and believes that Defendant Jang has operated a dry cleaning facility on the Premises.

16.   Plaintiff is informed and believes that Defendant Petersen has operated a dry cleaning facility on the Premises.

17.   Plaintiff is informed and believes that the Dry Cleaner Defendants have operated dry cleaning machines which use tetrachloroethene (PCE), trichloroethene (TCE), dichloroethene (DCE), dichloroethane (DCA), and/or vinylchloride (collectively "Hazardous Substances") on the Premises.

18.   Defendants or their agents were responsible for the release of Hazardous Substances into the soil and possibly the groundwater beneath the Premises.

19.   On or around July 7, 1998, Hazardous Substance contamination was discovered in the soil beneath the dry cleaning retail space ("Contamination").

20.   In order to persuade Plaintiff to purchase the premises, Defendant GTS agreed to an amendment to the agreement for purchase and sale of the premises ("Amendment") in which Defendant GTS agreed to place $30,000 in an escrow account for payment of costs associated with the remediation of the Hazardous Substance ("Hold-Back").  The Amendment is attached to the Complaint as exhibit "A."

21.   Specifically, the amendment stated the following:

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                                3
                                        COMPLAINT

"6.    Hold-Back Funds.  The parties hereby agree and the Escrow Holder is expressly instructed, to withhold out of the funds to be disbursed to Seller at the Close of Escrow the sum of **Thirty Thousand and No/100 Dollars ($30,000.00)** ("Hold-Back Funds") in an interest-bearing account maintained for the benefit of Seller ("Hold-Back Account"), for a period not to exceed TWELVE (12) MONTHS from the Close of Escrow date ("Hold-Back Period"), subject to the following conditions: . . ."

"6.6    For the purposes of securing the No-Action Letter, all invoices, statements and other billings incurred in Purchaser's or its agents' performing the Remediation activities, copies of which shall have been furnished to Seller and subject to Seller's written approval thereof which shall be attached to each and every such invoice/statement presented to Escrow Holder for reimbursement thereof, Purchaser shall be entitled to receive disbursement(s) out of the Hold-Back Account such sums equal to such invoices and/or statements, or alternatively Purchaser may instruct Escrow Holder in writing, subject to Seller's written approval on such instruction, that such disbursement(s) be made directly to the third-party payee.  Escrow Holder shall give both Seller and Purchaser written notice of any and all of such disbursements."

"7    Termination of Hold-Back Transaction.  Thirty (30) days prior to the expiration of the Hold-Back Period, above, Escrow Holder shall duly notify the parties of such and abide by the further mutual written instruction of both parties, if any.  If no event shall Escrow Holder retain the Hold-Back Funds beyond Twenty-Four (24) Months from the Close of Escrow, unless the parties otherwise instruct mutually and in writing.  In the absence of such mutual, written instruction, Escrow Holder shall thereafter release and remit the remainder of the Hold-Back Funds to Seller upon thirty (30) days' written notification to both parties of its intention to make such release and remittance."

22.    To date, the Escrow Holder has not given written notice of the termination of the Hold-Back, and currently maintains an escrow account containing a minimum of $30,000.

23.    On April 24, 2000, Plaintiff's agent conducted remediation activity at the site in order to remove PCE-contaminated soil.  During excavation of the Contamination, Plaintiff's agent

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1

4

COMPLAINT

1    discovered a corroded sewer line that appeared to be the source of illegally discharged Hazardous

2    Substance-laden waste water.

3              24.     Plaintiff proceeded with further investigation and analysis of the extent and

4    nature of the Contamination, and an immediate removal of the Contamination.  Plaintiff obtained bids

5    for removal of the Contamination and took reasonable steps to obtain competitive costs for such

6    remediation.  Such remedial work is ongoing.

7              25.     Prior to initiating the action to clean up the Contamination, Plaintiff, acting

8    through itself or its agents, coordinated the planned action with all applicable regulatory agencies in

9    compliance with requirements of applicable laws, and obtained all necessary approvals.

10             26.     Plaintiff has incurred and paid response costs for investigation of the

11   environmental Contamination.

12                              **FIRST CAUSE OF ACTION**

13   **(Against All Defendants For Recovery of Response Costs Pursuant to CERCLA §113(f))**

14             27.   · Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 26

15   as though fully set forth herein.

16             28.     Each of the Defendants is "person" as defined in CERCLA §101(21), 42 U.S.C.

17   §9601(21).

18             29.     The Premises is a "facility" as defined in CERCLA §101(9), 43 U.S.C.

19   §9601(9).

20             30.     Plaintiff is informed and believes and thereon alleges that Defendants, and each

21   of them, were persons who "owned" and/or "operated" the Premises at the time of disposal of

22   Hazardous Substances thereupon, and/or at the time that Hazardous Substances were released into the

23   environmental at the Premises.

24             31.     Plaintiff is informed and believes and thereon alleges that the Defendants, and

25   each of them, proximately caused releases or threatened releases of hazardous substances into and/or

26   from the Premises through their conduct as described above.

27             32.     As a direct and proximate result of the actions of defendants, and each of them,

28   as alleged herein, Plaintiff has incurred and will continue to incur response costs not inconsistent with

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                          5

COMPLAINT

1    the national contingency plan in responding to the releases or threatened release of hazardous

2    substances at the Premises within the meaning of CERCLA §107(a), 42 U.S.C. §9607(a).

3           33.     Based thereon, Plaintiff is entitled to an award of indemnity and contribution

4    for response costs and other appropriate damages according to proof at trial.

5                              **SECOND CAUSE OF ACTION**

6                      **(Against Defendant GTS For Breach of Contract)**

7           34.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33

8    as though fully set forth herein.

9           35.     The Amendment states:

10          "For the purposes of securing the No-Action Letter, all invoices,

11          statements and other billings incurred in [Plaintiff]'s or its agents'

12          performing the Remediation activities, copies of which shall have been

13          furnished to Seller and subject to Seller's written approval thereof which

14          shall be attached to each and every such invoice/statement presented to

15          Escrow Holder for reimbursement thereof, Purchaser shall be entitled to

16          receive disbursement(s) out of the Hold-Back Account such sums equal

17          to such invoices and/or statements. . ."

18          36.     Plaintiff has performed all obligations required to be performed by Plaintiff

19    pursuant to the Lease.

20          37.     Plaintiff has incurred expenses and costs related to the remediation of the

21    Contamination on the Premises. Plaintiff has submitted invoices evidencing these costs and expenses

22    to Defendant GTS for approval so that the Escrow Holder can reimburse Plaintiff with funds in the

23    Hold-Back. Defendant GTS has unreasonably refused to approve the invoices, thereby denying

24    Plaintiff access to the Hold-Back funds.

25          38.     As a direct and proximate result of Defendant GTS' refusal to approve the

26    invoices and breach of the Amendment, Plaintiff has suffered damages. Such damages include, but

27    are not limited to, actual response costs of investigating and mitigating the Contamination incurred by

28    Plaintiff and to be incurred in the future.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                                    6
                                          COMPLAINT

# THIRD CAUSE OF ACTION

## (Against Defendant GTS for Declaratory Relief)

39.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 38 of this Complaint.

40.     An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendant GTS, on the other hand, concerning their respective rights and obligations, in that Plaintiff contends that the Hold-Back was to be maintained for a minimum of 24 months from the closure of the escrow, to July 24, 2000, as set forth in Paragraph 7 of the Agreement.

41.     Plaintiff is informed and believes, and thereon alleges, that Defendants dispute Plaintiff's contentions, and claims that the Hold-Back should have been terminated at an earlier date.

42.     Plaintiff desires a judicial determination and declaration of regarding the termination of the Hold-Back.

# FOURTH CAUSE OF ACTION

## (Against All Defendants For Indemnity Pursuant To

## California Hazardous Substances Account Act)

43.     Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 42 as through fully set forth herein.

44.     Each of the defendants is a "responsible party" and/or "liable person" within the meaning of the California Hazardous Substances Account Act ("HSAA"), Cal. Health & Safety Code §25323.5(a)(1), and Section 107(a) of CERCLA, 42 U.S.C. §9607(a).

45.     Plaintiff is a person who has incurred removal and/or remedial action costs under HSAA and CERCLA.

46.     Plaintiff is entitled to and hereby seeks contribution and/or indemnity pursuant to Cal. Health & Safety Code §25363(e) from Defendants, and each of them, for Defendants' equitable share of removal and/or remedial action costs that Plaintiff has incurred or will incur at the Premises.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                                7
                                    COMPLAINT

**FIFTH CAUSE OF ACTION**

**(Against all Defendants for Equitable Indemnification)**

47.     Plaintiff realleges and incorporates by reference paragraphs 1 through 46, inclusive.

48.     The expenses Plaintiff has incurred and will continue to incur to clean up the Contamination in and around the Premises, including, but not limited to, investigatory and removal expenses, are exclusively the result of the intentional or negligent conduct of Defendants, and each of them. As a result, Plaintiff is entitled to complete indemnity from each Defendant for such expenses pursuant to the doctrine of equitable indemnification.

**SIXTH CAUSE OF ACTION**

**(Against all Defendants for Waste)**

49.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48, inclusive.

50.     The release of Hazardous Substances on and into the Premises, as set forth above, so diminishes the value of the Premises as to constitute waste caused by Defendants.

51.     As a direct and proximate result of the release of Hazardous Substances resulting from the Defendants' misconduct, Plaintiff has suffered damages. Such damages include, but are not limited to, actual response costs of investigating and mitigating the hazardous waste condition incurred by Plaintiff and to be incurred in the future, and consequential damages including, among other things, damage to the reputation of Plaintiff, stigma damages, loss of profits, and diminution in value of the Premises.

52.     Plaintiff is still investigating the magnitude of the damage caused by Defendants' conduct alleged herein and cannot presently ascertain the exact amount of such damage. Plaintiff therefore seeks recovery of its damages according to proof at trial.

53.     As a result of Defendants' above-described conduct, the market value of the premises has been substantially decreased by an amount to be proven at trial.

54.     Plaintiff is informed and believes, and thereon alleges, that Defendants willfully and maliciously engaged in the above-described conduct with the full knowledge that it would result

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                              8
                                    COMPLAINT

1  in substantial damage to the premises and Plaintiff's interest therein.  Therefore, pursuant to Section

2  732 of the California Code of Civil Procedure, Plaintiff seeks treble the amount of its actual damages

3  from Defendants.

4  <center>**SEVENTH CAUSE OF ACTION**</center>

5  <center>**(Against all Defendants for Negligence)**</center>

6        55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54,

7  inclusive.

8        56.    Defendants had a duty to Plaintiff to exercise due care in controlling,

9  monitoring, maintaining, and operating the facility on the Premises, and in storing and disposing of

10  various chemicals at the Premises.

11        57.    Defendants failed to exercise their duty of due care by releasing and allowing

12  the release of Contaminants onto and into the Premises as detailed above.

13        58.    As a direct and proximate result of Defendants' breach of duty, hazardous

14  substances have been released directly on and into the Premises.

15        59.    This release of hazardous substances resulting from Defendants' negligence has

16  caused damage to Plaintiff, including, but not limited to, actual response costs of investigating and

17  mitigating the hazardous waste condition incurred by Plaintiff and to be incurred in the future, and

18  consequential damages including, among other things, attorneys' fees, damage to the reputation of

19  Plaintiff, stigma damages, loss of profits, and diminution in value of the Premises.

20  <center>**EIGHTH CAUSE OF ACTION**</center>

21  <center>**(Against all Defendants for Continuing Private Nuisance)**</center>

22        60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59,

23  inclusive.

24        61.    Plaintiff is informed and believes, and on that basis alleges, that as a direct and

25  proximate result of Defendants' release of hazardous wastes and hazardous substances into the

26  environment at the Premises, Defendants are interfering with and precluding Plaintiff's free use and

27  enjoyment of the Premises, and are threatening to impair and injure the heath of individuals who

28  would conduct business, visit, or otherwise utilize the Premises.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1

9

COMPLAINT

62.     Defendants' release of hazardous wastes and hazardous substances on and from the Premises has caused and is causing injury to the Premises and to Plaintiff. Plaintiff has not sanctioned Defendants' disposal, dumping or release of hazardous wastes or hazardous substances either by contract or lease. As a result, Defendants' disposal, dumping and releases constitute a private nuisance and a continuing nuisance with regard to the Premises.

63.     This nuisance has continued and, although it is abatable, it remains unabated. Defendants have failed to abate the nuisance.

64.     This release of hazardous substances resulting from Defendants' negligence has caused damage to Plaintiff, including, but not limited to, actual response costs of investigating and mitigating the hazardous waste condition incurred by Plaintiff and to be incurred in the future, and consequential damages including, among other things, attorneys' fees, damage to the reputation of Plaintiff, stigma damages, loss of profits, and diminution in value of the Premises.

## NINTH CAUSE OF ACTION

### (Against all Defendants for Continuing Public Nuisance)

65.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64, inclusive.

66.     Defendants' disposal, release and dumping of hazardous wastes and hazardous substances on and from the Premises has contaminated the Premises, and has contaminated the groundwater under the Premises and possibly properties adjacent to the Premises. This contamination gives rise to a public nuisance which affects not only Plaintiff, but also portions of Los Angeles County. Because Plaintiff is the owner of the Premises, and the hazardous wastes and hazardous substances have contaminated and substantially devalued the Premises, Plaintiff has suffered injuries different in kind from those suffered by the general public.

67.     Plaintiff, in its capacity as Private Attorney General, alleges that as a proximate result of the Contaminants released, disposed of and dumped on and from the Premises, the Premises have been permanently damaged and have diminished in value. At the same time, the releases of Contaminants have affected a significant portion of the entire community and/or the comfort and

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                        10

COMPLAINT

1  convenience of a considerable number of persons, although the extent of the annoyance, danger or

2  damage inflicted upon the residents of Los Angeles may be unequal.

3        68.    Plaintiff, in its capacity as Private Attorney General, asserts that its litigation

4  against Defendants:  (a) raises strong issues of public importance and policy which are in need of

5  vindication by litigation; (b) presents the necessity for private enforcement of said issues and rights,

6  the resulting burden of which falls on Plaintiff; and (c) will benefit the health and safety of the

7  community.

8        69.    This nuisance has continued and, although it is abatable, it remains unabated.

9  Defendants have failed to abate the nuisance.

10        70.    Plaintiff, as a Private Attorney General, seeks to recover its reasonable

11  attorneys' fees and costs incurred in prosecuting this action, and seeks injunctive relief, to the extent

12  further remediation of the Contamination is necessary, ordering Defendants to clean up the remaining

13  hazardous wastes and hazardous substances which they have disposed of, released and dumped on and

14  from the Premises.

15

16        WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

17        1.   With respect to the First Cause of Action, Plaintiff prays for judgment and relief as

18  follows:

19            a)    For indemnification for past and future response costs, including

20                   reasonable attorneys' fees, incurred by Plaintiff to remediate and remove

21                   the Contamination at the Premises, in an amount to be proven at trial;

22            b)    For a judicial declaration that Plaintiff is entitled to indemnification by

23                   Defendants for the costs of Plaintiff's response to environmental

24                   contamination at the Premises;

25            c)    A declaration that if Plaintiff becomes subject to regulatory enforcement

26                   by any governmental agency in connection with the environmental

27                   condition of the Premise, that Plaintiff shall be entitled to contribution

28                   and/or full or partial equitable or other indemnity from Defendants for

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                  11
COMPLAINT

1            any response or removal costs, penalties or fines associated therewith;

2            and

3      d)     For such other and further additional relief as to which the Court may

4            deem just and proper.

5    2.   With respect to the Second Cause of Action, Plaintiff prays for judgment and relief

6 as follows:

7      a)     For contribution for past and future response costs, including reasonable

8            attorneys' fees, incurred by Plaintiff to remediate and remove the

9            Contamination at the Premises, in an amount to be proven at trial;

10      b)     For general, consequential, and incidental damages, in an amount to be

11            proven at trial, caused by Defendants' negligence;

12      c)     For such other and further additional relief as to which the Court may

13            deem just and proper.

14    3.   With respect to the Third Cause of Action, Plaintiff prays for judgment and relief as

15 follows:

16      a)     For a judicial declaration that Plaintiff is entitled to indemnification

17            under the Amendment for contribution for past and future response

18            costs, including reasonable attorneys' fees, incurred by Plaintiff to

19            remediate and remove the Contamination at the Premises; and

20      b)     For such other and further additional relief as to which the Court may

21            deem just and proper.

22    4.   With respect to the Fourth Cause of Action, Plaintiff prays for judgment and relief

23 as follows:

24      a)     For contribution for past and future response costs, including reasonable

25            attorneys' fees, incurred by Plaintiff to remediate and remove the

26            Contamination at the Premises, in an amount to be proven at trial;

27      b)     For equitable indemnification; and

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1        12

COMPLAINT

1              c)    For such other and further additional relief as to which the Court may

2                     deem just and proper.

3        5.  With respect to the Fifth Cause of Action, Plaintiff prays for judgment and relief as

4  follows:

5               a)    For contribution for past and future response costs, including reasonable

6                     attorneys' fees, incurred by Plaintiff to remediate and remove the

7                     Contamination at the Premises, in an amount to be proven at trial;

8               b)    For equitable indemnification; and

9               c)    For such other and further additional relief as to which the Court may

10                    deem just and proper.

11      6.  With respect to the Sixth Cause of Action, Plaintiff prays for judgment and relief as

12  follows:

13              a)    For general, consequential, and incidental damages, in an amount to be

14                    proven at trial, caused by Defendants' nuisance;

15             b)    For treble damages in an amount to be proven at trial; and

16             c)    For such other and further additional relief as to which the Court may

17                  deem just and proper.

18      7.  With respect to the Seventh Cause of Action, Plaintiff prays for judgment and relief

19  as follows:

20             a)    For contribution for past and future response costs, including reasonable

21                  attorneys' fees, incurred by Plaintiff to remediate and remove the

22                  Contamination at the Premises, in an amount to be proven at trial;

23             b)    For general, consequential, and incidental damages, in an amount to be

24                  proven at trial, caused by Defendants' nuisance;

25             c)    For injunctive relief ordering Defendants to clean up the hazardous

26                  wastes and hazardous substances they have disposed of, released or

27                  dumped on and from the Premises, to the extent any such clean up work

28                  remains at the time of trial;

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                    13

COMPLAINT

d)  For other consequential damages, including without limitation loss of profit, diminution in value of the Premises, stigma damages and injury to business reputation which Plaintiff has or hereafter may suffer; and

e)  For such other and further additional relief as to which the Court may deem just and proper.

8.  With respect to the Eighth Cause of Action, Plaintiff prays for judgment and relief as follows:

a)  For contribution for past and future response costs, including reasonable attorneys' fees, incurred by Plaintiff to remediate and remove the Contamination at the Premises, in an amount to be proven at trial;

b)  For general, consequential, and incidental damages, in an amount to be proven at trial, caused by Defendants' nuisance;

c)  For injunctive relief ordering Defendants to clean up the hazardous wastes and hazardous substances they have disposed of, released or dumped on and from the Premises, to the extent any such clean up work remains at the time of trial;

d)  For other consequential damages, including without limitation loss of profit and injury to business reputation which Plaintiff has or hereafter may suffer; and

e)  For such other and further additional relief as to which the Court may deem just and proper.

9.  With respect to the Ninth Cause of Action, Plaintiff prays for judgment and relief as follows:

a)  For contribution for past and future response costs, including reasonable attorneys' fees, incurred by Plaintiff to remediate and remove the Contamination at the Premises, in an amount to be proven at trial;

b)  For general, consequential, and incidental damages, in an amount to be proven at trial, caused by Defendants' nuisance;

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1                    14
                              COMPLAINT

c)    For injunctive relief ordering Defendants to clean up the hazardous

wastes and hazardous substances they have disposed of, released or

dumped on and from the Premises, to the extent any such clean up work

remains at the time of trial;

d)    For other consequential damages, including without limitation loss of

profit, diminution in value of the Premises, stigma damages and injury

to business reputation which Plaintiff has or hereafter may suffer; and

e)    For such other and further additional relief as to which the Court may

deem just and proper.

DATED:  June 20, 2000          COX, CASTLE & NICHOLSON LLP


By:   _____
         Perry S. Hughes
Attorneys for Plaintiff Mark Weinstein, Trustee of the
Weinstein Family Trust dated March 20, 1997

## DEMAND FOR JURY TRIAL

    Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of
Civil Procedure.


DATED:  June 20, 2000          COX, CASTLE & NICHOLSON LLP


By:   _____
         Perry S. Hughes
Attorneys for Plaintiff Mark Weinstein, Trustee of the
Weinstein Family Trust dated March 20, 1997

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

35725/843855v1               15
COMPLAINT



**EXHIBIT A**

## SECOND AMENDMENT TO

### AGREEMENT FOR PURCHASE AND SALE
### OF REAL PROPERTY & IMPROVEMENTS
### — AND —
### ESCROW INSTRUCTIONS

**This Second Amendment to Agreement for Purchase and Sale of Real Property & Improvements** ("this Amendment") is made this 22nd day of July, 1998, by and between the same parties, namely Seller, **GTS PROPERTY SANTA CLARITA, INC.**, and [original] Purchaser's nominee/assignee, **MARK WEINSTEIN, TRUSTEE OF THE WEINSTEIN FAMILY TRUST DATED MARCH 20, 1997**, to that certain *Agreement for Purchase and Sale of Real Property & Improvements* dated April 24, 1998, as amended by that certain First Amendment thereto, dated May 28, 1998 (collectively, "Agreement"), as an additional amendment to and modification of such Agreement.

1.    Terminology.  Unless otherwise stated expressly herein, capitalized terminology as used in this Amendment shall have the same definitions as in the Agreement.

2.    Closing Deadline.  The Closing Deadline for purposes of the Close of Escrow and as stated in Section 11.B. of the Agreement shall be extended, amended and superseded by inserting the date "July 23, 1998" in replacement of the period and date previously stated therein.

3.    Balance of Purchase Price.  Purchaser's funds to complete its purchase, including the balance of the Purchase Price ("Balance") shall be remitted to and received by the Escrow Holder on or before that date.  Forthwith upon execution of this Agreement, Purchaser agrees to cause such Balance to be immediately wire transferred into the Escrow the foregoing purpose.

4.    Close of Escrow.  Notwithstanding anything in the Agreement to the contrary, including without limitation the language in Section 11.C. thereof, the Close of Escrow herein shall take place on or before **July 24, 1998**.

5.    [*Intentionally omitted*]

6.    Hold-Back Funds.  The parties hereby agree, and the Escrow Holder is expressly instructed, to withhold out of the funds to be disbursed to Seller at the Close of Escrow the sum of **Thirty Thousand and No/100 Dollars ($30,000.00)** ("Hold-Back Funds") in an interest-bearing account maintained for the benefit of Seller ("Hold-Back Account"), for a period not to exceed TWELVE (12) MONTHS from the Close of Escrow date ("Hold-Back Period"), subject to the following conditions:

6.1.    Purchaser, as landlord, shall have succeeded to the Sellers's former rights and remedies, including all legal enforcement actions, to enforce the landlord's rights and interests against the tenants, named ALEC and CONNIE PETTERSEN, and its predecessors in interest, including TEAM ENTERPRISES, INC. (collectively, "Tenants"), of that certain dry-

cleaning business and operations known as "One Hour Martinizing" under that lease for their premises, located at 26830 Seco Canyon Road, Santa Clarita, CA ("Premises"), being a portion of the "Santa Clarita Place" Shopping Center ("Center"), as well as the liability, property and/or other insurers for such Tenants, respectively (collectively, "Insurers").

6.2.    The parties have become aware of certain potential contamination of the Premises and adjoining or appurtenant areas of the Center which have been described in that certain written report, dated July 7, 1998, and prepared by PHR Environmental Consultants, Inc. ("Report"), on behalf of Purchaser's prospective mortgage lender in the transaction (a copy of which Report is attached). The Report noted the presence of levels of certain potentially hazardous substances, including those known as "PCE's" (collectively, "Substances"), in and about the Premises.

6.3.    Purchaser shall forthwith use its best, diligent and good faith efforts, either on its own and/or by causing the Tenants and/or their respective Insurers, to comply with any and all applicable laws, ordinances, statutes, rules and regulations governing the reporting, handling and/or remediation of the Substances, including notifying the local and other public regulatory agencies having jurisdiction thereover, such as the Fire Department, Department of Health and California Regional Water Quality Control Board (collectively, "Agencies") of such matters. Seller agrees to cooperate reasonably in Purchaser's such efforts hereunder.

6.4.    From the outset, Purchaser at its discretion shall use its best, diligent and good faith efforts to urge and/or to cause the Tenants/Insurers to conduct and pay for any and all appropriate actions to clean up, ameliorate and/or remediate the Substances and otherwise abide by and comply with the orders, plans and other activities which shall be necessary or proper to receive the appropriate "clearance" or "no-further-action required" letter, certification or other equivalent ruling or assessment by such Agencies (collectively, "No-Action Letter") that the Substances have been abated or remediated to the sufficient extent required under applicable law (collectively, "Remediation"). During all of the foregoing activities, Purchaser shall keep Seller duly informed and advised of all actions and communications. *[handwritten: /initial]*

6.5.    If, despite Purchaser's best and diligent, good faith efforts to compel by all available legal means, including the filing of litigation as appropriate, Tenants and/or their respective Insurers to perform and pay for the Remediation of the Substances at their expense, such Tenants and Insurers both fail or refuse to do the foregoing, and if Purchaser thus becomes legally obliged to perform and/or pay for the Remediation, then Purchaser shall, subject to prior written notice to Seller, itself undertake and complete the Remediation to obtain the No-Action Letter, including retaining the necessary engineering and consulting firms, as mandated or recommended by the Agencies. In each and all contracts needed for the Remediation processing and procedures, Purchaser shall duly advise Seller as to all of the foregoing and shall obtain Seller's prior written consent to all such contracts.

6.6.    *[handwritten: For the purpose of]* ~~Upon~~ securing the No-Action Letter, ~~and receipt of~~ all invoices, statements and other billings incurred in Purchaser's or its agents' performing the Remediation activities, copies of which shall have been furnished to Seller and subject to Seller's written approval thereof which shall be attached to each and every such invoice/statement presented to Escrow

Holder for reimbursement thereof, Purchaser shall be entitled to receive disbursement(s) out of the Hold-Back Account such sums equal to such invoices and/or statements, or alternatively Purchaser may instruct Escrow Holder in writing, subject to Seller's written approval on such instruction, that such disbursement(s) be made directly to the third-party payee. Escrow Holder shall give both Seller and Purchaser written notice of any and all of such disbursements.

6.6A. In the event that Purchaser determines in its reasonable judgment that retaining legal counsel to assist in its or its agent's performing and completing the Remediation activities and/or obtaining the No-Action Letter is necessary or advisable, then Purchaser shall duly advise and consult with Seller before and during such retention, which shall not be made without Seller's prior written consent, not to be unreasonably withheld.

6.7. Should the total expense (including attorney's fees and legal costs) for completing the Remediation and receiving the No-Action Letter, exceed the Hold-Back Funds, then Seller agrees to reimburse Purchaser for such excess amount, upon written notice and request therefor; provided, that in no event shall Seller be liable for any attorneys' fees or legal costs exceeding the sum of **Thirty Thousand Dollars ($30,000.00)** hereunder.

7. Termination of Hold-Back Transactions. Thirty (30) days prior to the expiration of the Hold-Back Period, above, Escrow Holder shall duly notify the parties of such and abide by the further mutual written instructions of both parties, if any. In no event shall Escrow Holder retain the Hold-Back Funds beyond Twenty-Four (24) Months from the Close of Escrow, unless the parties otherwise instruct mutually and in writing. In the absence of such mutual, written instructions, Escrow Holder shall thereafter release and remit the remainder of the Hold-Back Funds to Seller upon thirty (30) days' written notification to both parties of its intention to make such release and remittance.

8. Instruction to Close Escrow. Upon execution hereof by the parties, Escrow Holder is hereby instructed to complete all transactions necessary or proper to effectuate the Close of Escrow, pursuant to the provisions of the Agreement, as amended by this Amendment.

9. Other Provisions Unaffected. Except as otherwise provided herein, all other terms, conditions and provisions of the Agreement shall remain the same and shall continue in full force and effect, unimpaired and unaffected by this Amendment.

IN WITNESS WHEREOF, the parties have executed and delivered this instrument effective as of the date first written above, regardless of the actual date of the signing hereof.

**Seller:**                                              **Purchaser:**

**GTS Property Santa Clarita, Inc.**          **Weinstein Family Trust,**
                                                        **Dated March 20, 1997**

By: _____            By: _____
Mr. Bien Gan Oei, President                   Mr. Mark Weinstein, Trustee

40656-pdt:sa:gm.amdmt2B    (BOO#5)                    Page 3                    [illegible]  July 22, [illegible]

**CIVIL COVER SHEET**

| I (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| MARK WEINSTEIN, TRUSTEE OF THE WEINSTEIN FAMILY TRUST DATED MARCH 20, 1997, | GTS PROPERTY SANTA CLARITA, HARRY JANG, ALEC PETERSEN, TEAM ENTERPRISES and ONE HOUR MARTINIZING DRY CLEANER and DOE 1 through DOE 10 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  *Los Angeles*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  *Los Angeles*
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Preston W. Brooks/Perry S. Hughes
Cox, Castle & Nicholson LLP
2049 Century Park East
Suite 2800
Los Angeles, CA 90067
(310) 277-4222

ATTORNEYS (IF KNOWN)

**II.  BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** *(PLACE AN x IN ONE BOX ONLY)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V.  REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ To be determined   Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)  42 U.S.C. Section 9613(f) - (CERCLA)

**VII.  NATURE OF SUIT** *(PLACE AN x IN ONE BOX ONLY)*

| OTHER STATUTES | CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |
| ☒ 893 Environmental Matters | ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus&Other | | |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | ☐ 245 Tort Product Liability | | ☐ 555 Prison Condition | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  __x__ No  ____ Yes

If yes, list case number(s): _____

00-06667  RSWL  (AJWx)

| CV71 (8/99) | CIVIL COVER SHEET - Continued on Reverse | Page 1 of 2 |
|---|---|---|

**FOR OFFICE USE ONLY:** ☐ Pro Hac Vice fee: ☐ paid ☐ not paid

Applying IFP _____  Judge _____  Mag. Judge _____

CCD-JS44

**CIVIL COVER SHEET**
(Reverse Side)

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?     X     No _____ Yes

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES      ☐    A. Appear to arise from the same or substantially identical transactions, happenings, or events;
THAT APPLY)           ☐    B. Involve the same or substantially the same parties or property;
                      ☐    C. Involve the same patent, trademark or copyright;
                      ☐    D. Call for determination of the same or substantially identical questions of law, or
                      ☐    E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides.   (Use an additional sheet if necessary)

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.
PLAINTIFF RESIDES IN LOS ANGELES

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary)

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.
DEFENDANT TEAM ENTERPRISES IS HEADQUARTERED IN FRESNO COUNTY.  ALL OTHER
DEFENDANTS ARE BELIEVED TO RESIDE IN LOS ANGELES, CALIFORNIA.

List the California County, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)
**NOTE:** In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES, CALIFORNIA

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER): X** _____    Date 6/20/00

**NOTICE TO COUNSEL/PARTIES:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

---

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required fo use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a)   PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b)   County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment").

II.   JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below)   (Federal question actions take precedence over diversity cases.)

III.   RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   ORIGIN. Place an "X" in one of the seven boxes:

(1)   Original Proceedings. Cases which originate in the United States District Courts.

(2)   Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

(3)   Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4)   Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5)   Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.

(6)   Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked. DO NOT check (5) above.

(7)   Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V.   REQUESTED IN COMPLAINT.

*Class Action.* Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

*Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

*Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI.   CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action.

VII.   NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the nature of suit cannot be determined, be sure the description of the cause of action in Section IV above is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause of action fits more than one nature of suit, select the most definitive.

VIII(a)   IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b)   RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX.   VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X.   Attorney or party appearing pro per must sign and date this form.

CV-71A (JS-44) amended 4/97          INSTRUCTIONS FOR CIVIL COVER SHEET