```
 1  JAN ADAM GREBEN, ESQ., SBN. 103464
    DANIEL CHESTER, ESQ., SBN. 139639
 2  GREBEN & ASSOCIATES
    400 Capitol Mall, Suite 1100
 3  Sacramento, California 95814
    Telephone:  (916) 558-6148
 4  Facsimile:  (916) 447-2414

 5  Attorneys for Defendant, Counter-Claimant and
    Cross-Claimant TEAM ENTERPRISES, INC.
 6
```

FILED 2000 OCT 25 PM 12:57 CLERK, U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WEINSTEIN, TRUSTEE OF THE WEINSTEIN FAMILY TRUST DATED MARCH 20, 1997,<br><br>    Plaintiff,<br><br>  vs.<br><br>GTS PROPERTY SANTA CLARITA, HARRY JANG, ALEC PETERSEN, TEAM ENTERPRISES, and ONE HOUR MARTINIZING DRY CLEANER and DOE 1 through DOE 10,<br><br>    Defendants.<br>_____/<br><br>TEAM ENTERPRISES, INC., a corporation,<br><br>    Counter-Claimant,<br><br>  vs.<br><br>MARK WEINSTEIN, TRUSTEE OF THE WEINSTEIN FAMILY TRUST DATED MARCH 20, 1997,<br><br>    Counter-Defendant.<br>_____/ | NO. CV-00-06667 RSWL (AJWx)<br><br>COUNTER-CLAIM AND CROSS-CLAIM FOR:<br><br>(1)  CERCLA CONTRIBUTION;<br>(2)  HAZARDOUS SUBSTANCE ACCOUNT ACT STATUTORY INDEMNITY;<br>(3)  FEDERAL DECLARATORY RELIEF;<br>(4)  PORTER-COLOGNE STATUTORY CONTRIBUTION;<br>(5)  EQUITABLE INDEMNITY;<br>(6)  CONTRIBUTION;<br>(7)  STATE DECLARATORY RELIEF<br><br>(DEMAND FOR JURY TRIAL) |

ENTERED ON ICMS OCT 25 2000

1

```
TEAM ENTERPRISES, INC., a
corporation, and ONE HOUR
MARTINIZING DRY CLEANER,

    Cross-Claimant,

    vs.

GTS PROPERTY SANTA CLARITA,
HARRY JANG, ALEC PETERSEN and
DOE 1 through DOE 10,

    Cross-Defendants.
_____/
```

Defendant, Counter-Claimant and Cross-Claimant TEAM Enterprises, Inc. ("TEAM"), alleges:

## I. JURISDICTIONAL FACTS

1. TEAM claims solely as a potentially liable party under 42 U.S.C. § 9607(a), and as such seeks contribution and indemnification pursuant to 42 U.S.C. § 9613(f) and the other statutory and common law legal theories asserted if you will.

## II. VENUE

2. The real property which is the subject matter of this action is located in Santa Clarita, California, within the jurisdictional boundaries of the Central District of California.

## III. PARTIES

3. TEAM incorporates by reference the identification of the parties set forth in Paragraphs 1 through 6 of the complaint as though set forth herein.

4. The parties named herein are responsible in some manner for all or part of the damages which Plaintiff demands from TEAM in this action. TEAM reserves the right to name additionally potentially responsible parties if such additional parties become

known during the course of this lawsuit.

## IV.  COMMON ALLEGATIONS

5. On June 21, 2000, Plaintiff filed an action seeking relief under federal and state laws against TEAM arising from alleged hazardous substance contamination of soil and groundwater on, in and around the premises (more specifically described in the Complaint on file). Plaintiff alleges that certain hazardous substances have contaminated soil and groundwater in and around the premises.

6. TEAM is informed and believes and on that basis alleges that any hazardous substance contamination which occurred was fully or partially a result of leaking sewer laterals or mains which are located at or about the premises, and which are maintained and owned by persons other than TEAM. TEAM is further informed and believes and on that basis alleges that any hazardous substance contamination which occurred was fully or partially the result of activities conducted by Counter-Defendant and Third Party Defendants.

7. Without admitting the truth thereof and for purposes of information only, TEAM incorporates by reference all allegations of Plaintiff's Complaint, Paragraphs 1 through 26, inclusive.

## FIRST CLAIM FOR RELIEF

(Contribution Under CERCLA 42 U.S.C. § 9613(f) -- Against Counter-Defendant and All Third Party Defendants)

8. TEAM realleges and incorporates by reference the allegations contained in Paragraphs 1 through 7 as though fully set forth herein.

9. TEAM is informed and believes and thereon alleges that Counter-Defendant and Third Party Defendants are past and/or present "owners" or "operators" of a "facility" at which there has been a

1  "release" or "threatened release" of "hazardous substances" into the
2  environment as those terms are respectively defined under CERCLA.
3  Counter-Defendant were "owners" of a "facility" at the time
4  hazardous substances were released.

5  10. TEAM is informed and believes and thereon alleges that
6  Counter-Defendant and Third Party Defendants "transported" or
7  "arranged for the disposal" of "hazardous substances" to or at a
8  "facility" at which there has been a "release" or "threatened
9  release", as those terms are respectively defined under CERCLA.

10  11. On information and belief, Counter-Defendant and Third
11  Party Defendants are liable for payment of all or part of the
12  response costs and other damages and expenses which TEAM has
13  incurred or will incur as a result of the alleged hazardous
14  substance contamination of the soil and groundwater in and around
15  the premises. All such response costs were, are, and will be
16  necessary under and consistent with the National Contingency Plan.

17  12. TEAM requests an allocation of response costs against and
18  the Counter-Defendant and Third Party Defendants in accordance with
19  42 U.S.C. §§9607(a)(1)-(4)(B) and 9613(f).

20  WHEREFORE, TEAM prays for judgment as hereinafter set forth.

### SECOND CLAIM FOR RELIEF

**(Hazardous Substance Statutory Indemnity--Against Counter-Defendant and All Third Party Defendants)**

24  13. TEAM realleges and incorporates by reference the
25  allegations contained in Paragraphs 1 through 12 as though fully set
26  forth herein.

27  14. The Carpenter-Presley-Tanner Hazardous Substance Control
28  Account Act, California Health & Safety Code §§ 25300-25395

(hereinafter the "Hazardous Substance Act") was enacted to encourage expedient clean-up of contaminated properties. To provide such encouragement, the Legislature included the statutory right of indemnification for those parties who incur response costs from those parties who are responsible for the contamination. Responsible parties include owners and operators of facilities at the time the alleged hazardous substance is allegedly discharged into the environment for such facility.

15. On information and belief, Third Party Defendants are liable persons under the Hazardous Substance Act and/or CERCLA and such liability has not previously been and is not being discharged pursuant to any state apportionment proceeding.

16. TEAM is entitled to indemnification and contribution, from the Counter-Defendant and Third Party Defendants and in whole or in part, based upon California Health & Safety Code §25363(e).

WHEREFORE, TEAM prays for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

**(Declaratory Relief Under Federal Declaratory Relief Act, 28 U.S.C. §2201, CERCLA and HSAA--
Against Counter-Defendant and All Third Party Defendants)**

17. TEAM realleges and incorporates by reference the allegations contained in Paragraphs 1 through 16 as though fully set forth herein.

18. A dispute has arisen and an actual controversy exists between the parties in this action concerning the responsibility for response costs incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil and groundwater in and around the Premises. TEAM is informed and believes that the Counter-Defendant and Third Party Defendants deny

any responsibility for the alleged contamination. TEAM is further entitled to, and hereby requests, a judicial determination pursuant to CERCLA, 42 U.S.C. §§ 9607(a)(1)-(4)(B) and 9613(f)(1) and (g) of TEAM's right to contribution and indemnification from Counter-Defendant and the Third Party Defendants, and each of them, for all response costs incurred and to be incurred as a result of the alleged hazardous substance contamination of the soil and groundwater in and around the premises.

19. Unless all the rights, duties and obligations of TEAM, the Counter-Defendant, and the Third Party Defendants are determined in this action, there will be a multiplicity of actions. Judicial determination of the liability of Third Party Defendants is necessary and appropriate at this time so that TEAM may ascertain his rights as against Third Party Defendants.

20. TEAM is entitled to, and hereby requests, a judicial determination pursuant to CERCLA, 42 U.S.C. §§ 9607(a)(1)-(4)(B) and 9613(f)(1) and (g), and California Health & Safety Code §25363(d), of TEAM's right to contribution and indemnification from Plaintiff, the Counter-Defendant and Third Party Defendants, and each of them, for all response costs incurred and to be incurred as a result of the alleged hazardous substance contamination of the soil and groundwater in and around the premises.

21. TEAM is entitled to, and hereby requests, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. §2201, of TEAM's right to indemnification and contribution, and a declaration that Counter-Defendant and Third Party Defendants, and not TEAM, are liable for all or part of the response costs incurred, and to be incurred to remove, clean-up and remediate the

alleged hazardous substance contamination of the soil and groundwater in and around the premises.

22. TEAM further requests that this court retain jurisdiction of this action to grant TEAM such other and further relief as necessary and proper to effectuate the Court's declaration.

WHEREFORE, TEAM prays for judgment as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF

**(Porter-Cologne Statutory Contribution -- Counter-Defendant and Third Party Defendants)**

23. TEAM realleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

24. The Porter Cologne Act provides for statutory contribution to those persons who become liable for the investigation, clean-up and remediation of hazardous substance contamination to groundwater. To the extent TEAM incurs costs and expenses in response to the alleged hazardous substance contamination of the soil and groundwater in and around the Premises, TEAM is statutorily entitled to contribution pursuant to Water Code §13350(j) and hereby requests contribution and indemnification pursuant to that section as against the Counter-Defendant and Third Party Defendants.

WHEREFORE, TEAM prays for judgment as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

**(Equitable Indemnity Against Counter-Defendant and All Third Party Defendants)**

25. TEAM realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24 as though fully set forth herein.

26. In the event that liability should be established in this action on the part of TEAM, which liability is expressly denied, TEAM alleges on information and belief, that such liability will arise by reason of the conduct and negligence of the Third Party Defendants and the Counter-Defendant, each of them. Said Third Party Defendants, and each of them, are therefore bound and obligated to defend, indemnify, and hold harmless TEAM from and against any and all claims, losses, damages, attorneys' fees, judgment, and settlement expenses incurred or to be incurred by TEAM in this action or in any administrative or regulatory action because of the contamination alleged in this action.

27. TEAM intends this Third Party Complaint to be notification to the Counter-Defendant and the Third Party Defendants that TEAM hereby tenders to them the obligation to defend TEAM, pursuant to California Code of Civil Procedure §1021.6, and that as a result of the conduct of Counter-Defendant and Third Party Defendants, and each of them, TEAM has been required to defend against the Complaint and may become obligated to defend administrative and/or regulatory actions because of the contamination, and hereby demands defense and indemnity from each of the Counter-Defendant and Third Party Defendants. TEAM is informed and believes, and thereon alleges, that each of said Third Party Defendants have refused and continue to refuse said demands of tender of defense by TEAM.

28. As a further direct and proximate result of the aforementioned primary and improper conduct of said Counter-Defendant and Third Party Defendants, and each of them, TEAM has necessarily retained the law firm of Greben & Associates to defend TEAM at TEAM's sole costs and expense, and to prepare, file, and

prosecute a Counter-Claim and Third Party Claim. TEAM has incurred, and will continue to incur, liability for attorneys' fees and costs of defense, and in the prosecution of this counter-claim and cross-claim, in a sum which is presently unascertained but will be proven at time of trial.

WHEREFORE, TEAM prays for judgment as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

(Contribution Against Counter-Defendant
and All Third Party Defendants)

29. TEAM realleges and incorporates by reference the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

30. In the event liability should be established on the part of TEAM, which liability is expressly denied, TEAM is informed and believes, and thereon alleges, that it may be obligated to pay sums representing a percentage of liability not TEAM's own, but rather that of the Counter-Defendant and Third Party Defendants, and each of them. Therefore, TEAM requests an adjudication and determination of the respective degrees of liability, if any, on its part and on the part of the Counter-Defendant and Third Party Defendants, and each of them, so as to determine that portion of the amount, if any, by which TEAM is found liable, which actually represents the proportionate degree of fault of each of the Counter-Defendant and Third Party Defendants, and each of them.

WHEREFORE, TEAM prays for judgment as hereinafter set forth.

//
//
//

## SEVENTH CLAIM FOR RELIEF

**(Declaratory Relief Re: Indemnification Against Counter-Defendant and All Third Party Defendants)**

31. TEAM realleges and incorporates by reference the allegations contained in Paragraphs 1 through 30 as though fully set forth herein.

32. A determination of the proportionate degree of liability, if any, of TEAM, on the one hand, and Counter-Defendant and Third Party Defendants, on the other, is necessary to protect the rights of TEAM.

33. An actual controversy has arisen and now exists relating to the legal rights and duties of TEAM, Plaintiff, and the Counter-Defendant and Third Party Defendant, and each of them, for which TEAM desires a declaration of their rights of indemnification, in that TEAM contends, and Plaintiff denies, and TEAM is informed and believes that the Counter-Defendant and Third Party Defendants deny, the following:

   A. That as between these parties, the responsibility, if any, for the damages claimed by Plaintiff rests entirely or partially on Plaintiff and/or the Counter-Defendant and Third Party Defendants; and

   B. That as a result, Plaintiff and the Counter-Defendant and Third Party Defendants are obligated to partially indemnify or fully indemnify TEAM for sums that TEAM may be held to pay as a result of any damages, judgment settlement, or other awards recovered against TEAM by the federal or state government or private party as a result of the toxic chemical contamination of the subject property, and adjacent properties, including, but not limited to,

surface and subsurface soil and water.

    C. TEAM is informed and believes that Plaintiff and the Counter-Defendant Third Party Defendants deny any such liability.

34. TEAM is entitled to, and hereby requests, a judicial determination of TEAM's right to indemnification and contribution, and a declaration that Plaintiff and Counter-Defendant and Third Party Defendants, and not TEAM, are liable for all or part of the response costs incurred, and to be incurred to remove, clean-up and remediate the alleged hazardous substance contamination of the soil and groundwater in and around the Premises.

WHEREFORE, TEAM prays for judgment as follows:

1. For recovery and contribution from the Counter-Defendant and Third Party Defendants, and each of them, of all response costs incurred, and to be incurred by TEAM in response to the alleged release of hazardous substances in and around the premises according to proof at trial;

2. For contribution and indemnification against the Counter-Defendant and Third Party Defendants, and each of them, for all response costs incurred and to be incurred by TEAM, according to proof at trial;

3. For a declaration that TEAM is entitled to contribution and indemnity from the Counter-Defendant and Third Party Defendants, and each of them, under 42 U.S.C. §§ 9607(a)(1)-(4)(B) and 9613(f)(1) and (g) for all response costs incurred and to be incurred by TEAM as a result of the alleged hazardous substance contamination of the soil and groundwater in and around the Premises;

4. For damages against the Counter-Defendant and Third Party

Defendants, jointly and severally, in an amount equal to all response costs and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substance contamination in an amount according to proof at trial;

5. For incidental and consequential damages according to proof;

6. For prejudgment interest at the legal rate;

7. For attorneys' fees and costs; and

8. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

TEAM demands a jury trial.

Dated: October 24, 2000        GREBEN & ASSOCIATES

By: _____
    Jan Adam Greben, Attorney for
    TEAM, Team Enterprises, Inc.

\\Jeanie\data\Clients\Team-Saugus\Counter Claim 10.24.00.wpd

IN RE: **MARK WEINSTEIN, ET AL. V. GTS PROPERTY, ET AL.**
U. S. District Court, Central District of California
No. CV 00-06667 RSWL (AJWx)

## PROOF OF SERVICE

I, Jeanie W. Seites, declare:

I am employed by the law firm of Greben & Associates in the County of Sacramento, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is 400 Capitol Mall, Suite 1100, Sacramento, California 95814. I am readily familiar with the practices of Greben & Associates for collection and processing of correspondence for mailing with the United States Postal Service; the document served will be deposited today with the United State Postal Service in the ordinary course of business.

On this date, I served the attached **COUNTER-CLAIM AND CROSS-CLAIM FOR: (1) CERCLA CONTRIBUTION; (2) HAZARDOUS SUBSTANCE ACCOUNT ACT STATUTORY INDEMNITY; (3) FEDERAL DECLARATORY RELIEF; (4) PORTER-COLOGNE STATUTORY CONTRIBUTION; (5) EQUITABLE INDEMNITY; (6) CONTRIBUTION; (7) STATE DECLARATORY RELIEF (DEMAND FOR JURY TRIAL)** on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope for collection and mailing with the United States Postal Service addressed as follows:

Preston W. Brooks, Esq.
Cox, Castle & Nicholson, LLP
2049 Century Park East, 28th Floor
Los Angeles, California 90067-3284
Tel: (310) 277-4222
Fax: (310) 277-7889
For Plaintiff **Mark Weinstein, Trustee of The Weinstein Family Trust Dated March 20, 1977**

Gregory D. Trimarche, Esq.
Brand, Farrar & Buxbaum LLP
515 South Flower Street, Suite 3500
Los Angeles, California 90071-2201
Tel: (213) 228-0288
Fax: (213) 426-6222
For Defendant/Cross-Claimant **Alec Pettersen**

Richard P. Yang, Esq.
Quan, Cohen, Kurahashi, Yang, Scholtz & Hirano
777 South Figueroa Street, Suite 3615
Los Angeles, California 90017-5832
Tel: (213) 892-7570
Fax: (213) 892-7567
For Defendant **GTS Property Santa Clarita, Inc.**

J.P. Pak, Esq.
Wilshire Financial Tower
3600 Wilshire Boulevard, Suite 1220
Los Angeles, California 90010
Tel: (213) 736-5100
Fax: (213) 736-5303
For Cross-Defendant **Harry Jang**

//
//
//

1  I declare under penalty of perjury, pursuant to the laws of the United States of America, that
2  the foregoing is true and correct.
3  Executed this 24th day of October, 2000, at Sacramento, California.

*Jeanie W. Seites*
Jeanie W. Seites